# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| MANDI PHILLIPS, et al., | ) |
| | ) |
|    Plaintiffs, | ) |
| | ) |
| v. | )    NO. 3:14-cv-01710 |
| | )    JUDGE CRENSHAW |
| MAPCO EXPRESS, INC., and DELEK US HOLDINGS, INC., | ) |
| | ) |
|    Defendants. | ) |

## FINAL JUDGMENT AND ORDER OF DISMISSAL

Mandi Phillips ("Plaintiff"), on behalf of herself and each of the other Class Members and MAPCO Express, Inc. and Delek US Holdings, Inc. ("MAPCO" or "Defendants"), have determined to settle all claims in this action (the "Action") on the terms set forth in the Stipulation of Settlement dated as of September 6, 2016 (the "Stipulation")(Doc. No. 25-1).

The Court is familiar with and has reviewed the record in the Action and has reviewed the settlement (the "Settlement") provided for in the Stipulation, and has considered all submissions to the Court and presentations at a hearing held on September 12, 2016 (the "Settlement Hearing") following notice of the Settlement and the Settlement Hearing given in accordance with this Court's September 14, 2016, Order Preliminarily Certifying Settlement Class, Preliminarily Approving Settlement, Approving Notice, and Scheduling Settlement Hearing (the "Preliminary Order")(Doc No. 29).

The Court has found good cause for entering the following Final Judgment accordingly:

    1.    This Final Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2. The Court finds and concludes that notice was given to Class Members in compliance with the Court's Preliminary Order.

3. The Court finds and concludes, with respect to both the form of the notice given and the procedure used to give notice, that the notice given is the best notice reasonably practicable under the circumstances, fully satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States, and any other applicable law, and constitutes due and sufficient notice to all Persons entitled to receive notice.

4. The Court finds and concludes that the Settlement is fair, reasonable, adequate, and in the best interests of the Class, approves the Settlement, adopts the terms of the Stipulation, and directs consummation of the Settlement pursuant to its terms.

5. Except as to any individual claim of those Persons determined to be Class Members who have validly and timely requested exclusion from the Class, the Action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice as to the Plaintiff, Class Members, and Defendants, as against the Released Persons. The parties are to bear their own costs, except as otherwise provided in the Stipulation.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies, for purposes of effectuating this Settlement, the "Settlement Class," which means all persons in the United States and its Territories whose credit or debit card information and/or whose personal information was compromised as a result of the data breach disclosed by MAPCO on or about May 6, 2013 (the "Data Breach"). Excluded from the Settlement Class are the Court and the officers and directors of MAPCO, and persons who timely and validly request exclusion from the Settlement Class.

7. With respect to the Class, this Court finds solely for the purposes of effectuating his settlement that: (a) the Class Members are so numerous that joinder of all Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual questions; (c) the claims of Plaintiff are typical of the claims of the Class; (d) the Plaintiff and Plaintiff's Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of Class Members in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Class Members; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Action.

8. Pursuant to Rule 23, Plaintiff is appointed as the representative for the Class, and Plaintiff's Counsel is appointed as Class Counsel pursuant to Rule 23(g).

9. The Effective Date of the Settlement shall be the first date by which all of the following events have occurred: (a) the time to file a motion to alter or amend the Final Judgment under Federal Rule of Civil Procedure 59(e) has passed and expired without any such motion having been filed; (b) the time in which to appeal the Final Judgment has passed and expired without any appeal having been taken; and (c) if a motion to alter or amend or for reconsideration is filed or if an appeal is taken, the determination of that motion or appeal in such a manner that affirms and leaves in place this Final Judgment without modification, in accordance with the terms and conditions of the Stipulation. For purposes of this paragraph, an "appeal" shall include the filing and determination of any petition for a writ of mandamus, certiorari, or other writ that may be filed in connection with approval or disapproval of this Settlement or request for en banc review

or reconsideration, and all proceedings ordered on any vacatur or reversal or remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on any vacatur or reversal or remand.

10. Upon the Effective Date (defined in ¶9 above):

(a) Plaintiff and each of the Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged each and all of the Released Plaintiff's Claims against each and all of the Released Defendant Persons, whether or not such Class Member executes and delivers a Proof of Claim and Release; and

(b) each of the Released Defendant Persons shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Released Plaintiff Persons from each and all of the Released Defendant's Claims.

11. Notwithstanding anything to the contrary above, the Released Claims do no include claims to enforce this Final Judgment and the Settlement, and any or all of their terms, including, but not limited to, the releases provided for in this Final Judgment.

12. The Court permanently enjoins Plaintiff and all other Class Members from commencing or prosecuting, either directly or indirectly, any action or proceeding asserting any of the Released Claims in this or any other forum against any of the Released Persons.

13. The Court dismisses the Action against Defendants with prejudice and without costs except as provided for in this Final Judgment.

14. The Court finds and concludes that Plaintiff, Plaintiffs' Counsel, Defendants, and Defendants' Counsel have complied with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion.

15. The facts and terms of this Final Judgment and the Settlement, all negotiations, discussions, drafts, and proceedings in connection with this Final Judgment and the Settlement, and any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) shall not be or be deemed to be, and shall not be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of or damage by Defendants; and (b) shall not be deemed to be and shall not be used as an admission of, or evidence of, any fault or omission of or damage caused by Defendants in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  The Released Persons may file the Stipulation and any exhibit thereto, and/or this Final Judgment, in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16. In the event that the Settlement fails to become effective in accordance with its terms, or if this Final Judgment is reversed, vacated, or modified on appeal (and, in the event of modification, if any party elects to terminate the Settlement), this Final Judgment (except Paragraphs 14 and 15) and the Preliminary Order (except Paragraph 18) shall be null and void, the Settlement (except Paragraphs 8.3, 9.3, and 9.4 of the Stipulation) shall be deemed terminated, and the parties shall return to their positions, without prejudice in any way, as provided for in the Settlement.

17. After administration of the Settlement is complete, Defendants' Counsel shall file a certification providing details concerning Settlement Payments made.

18. The Court retains exclusive continuing jurisdiction to effectuate and enforce the terms of this Final Judgment and the Settlement and over all matters related to this Final Judgment and the Settlement, including, but not limited to, the releases provided for in this Final Judgment.

19. The Court expressly determines that there is no just reason for delay in entering his Final Judgment, and directs the Clerk of the Court to enter this Final Judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE